IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01194-RBJ-KLM

COREY BURNHAM,

Plaintiff,

v.

DR. RABLE, Dentist,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Dismiss** [#24][1] (the "Motion"). Plaintiff, who is proceeding pro se,[2] filed a Response [#26] to the Motion. Defendant did not file a Reply. Pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1C.3, the Motion is referred to this Court for recommendation [#25]. Having reviewed the entire case file and being sufficiently advised, the Court **RECOMMENDS** that the Motion [#24] be **GRANTED**.

## I. Summary of the Case

[1] "[#24]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). This convention is used throughout the Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

The following allegations of the Amended Complaint [#6] are accepted as true for the purpose of determining the merits of the Motion. *See Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011) (stating that the allegations drawn from the complaint must be taken as true when considering the merits of a motion to dismiss). At the time of the events giving rise to this action, Plaintiff was incarcerated at the Colorado Territorial Correctional Facility ("CTCF"), and Defendant was a dentist employed at the facility. *Am. Compl.* [#6] at 3. Plaintiff asserts that Defendant failed to provide him with emergency treatment in accordance with the Colorado Department of Corrections' ("CDOC") Administrative Regulation 700-04(IV)(B)(3), which states that upon arrival at a correctional facility, an offender will be scheduled for an initial health assessment or provided with emergency treatment.[3] *Id.* On June 29, 2012, Plaintiff sent a medical request for dental care based on pain from a lost filling. *Id.* On August 27, 2012, Plaintiff was deemed a "no-show" and "was capriciously ushered out of the Medical Department begging for help after enduring pain for two (2) months." *Id.* On September 7, 2012, Plaintiff sent a second request for dental care. On October 15, 2012, Plaintiff received a dental appointment, at which it was found that he had a "very large cavity," among other issues. *Id.* Plaintiff requested temporary fillings until he could seek relief in the private sector, but Defendant refused, stating that fillings would not be cost effective. *Id.* Defendant attempted to explain to Plaintiff "the severity of the situation" and suggested as one option that Plaintiff should have certain teeth removed. *Id.* Plaintiff did not want to lose more teeth than he had already

[3] It is unclear from the Amended Complaint precisely when Plaintiff entered custody of CDOC, but it seems to have been some time in early or mid-2012. The precise timing is not material for the resolution of Plaintiff's claims.

previously lost, so he refused extraction and received no other treatment at that appointment. *Id.* That same day he sent a third medical request seeking another dental appointment. *Id.* On December 17, 2012, he sent a fourth medical request, based on his pain from another filling falling out.[4] *Id.* On January 9, 2013, Plaintiff sent a fifth medical request in which he stated he could not stand the pain. *Id.* On January 11, 2013, Plaintiff received a dental appointment, at which Defendant extracted multiple teeth. *Id.* As a result of these alleged events, Plaintiff brings Eighth and Fourteenth Amendment claims against Defendant in her individual capacity and seeks $100,000 in punitive damages. *Id.* at 2, 6.

## II. Standard of Review

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted"). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200

---

[4] Plaintiff does not state what happened in connection with his third and fourth appointment requests.

(10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][]that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 552 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

## III. Analysis

### A. Fugitive Disentitlement Doctrine

Defendant argues that the Amended Complaint [#6] should be dismissed under the fugitive disentitlement doctrine. *Motion* [#24] at 9-13. In short, and as relevant here, this doctrine allows dismissal of a plaintiff's case when he is a fugitive from justice while judicial proceedings are pending. *See Ortega-Rodriguez v. United States*, 507 U.S. 234, 240 (1993); *United States v. Timbers Preserve*, 999 F.2d 452 (10th Cir. 1993); *Seibert v. Johnston*, 381 F. Supp. 277 (E.D. Okla. 1974). Defendant provides evidence that, after the

filing of the initial Complaint [#1] on May 6, 2013, Plaintiff failed to report to his parole officer and thus became a fugitive. *See Exs. A-C* [#24-1, -2, -3]. Plaintiff responds that he has since been taken into custody and that Defendant's argument here is moot. *Response* [#26] at 5. Defendant did not file a Reply and thus does not contest that Plaintiff is no longer a fugitive. Accordingly, the Court finds that this argument is moot. *See Skolnick v. Wainer*, No. 3:13cv1420 (JBA), 2013 WL 6732656, at *4, n.5 (D. Conn. Dec. 19, 2013) ("Respondent does not contend in her reply . . . that the doctrine has any continued application given that Petitioner is no longer a fugitive from justice. Accordingly, the Court deems this argument abandoned or moot.").

**B. Eighth Amendment**

Plaintiff contends that Defendant refused to provide him with dental treatment that Plaintiff felt he needed and that this refusal constituted a violation of his Eighth Amendment rights. Defendant asserts that she is entitled to qualified immunity on this claim. *Motion* [#24] at 2-3.

"The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages 'insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known.'" *Boles v. Neet*, 486 F.3d 1177, 1180 (10th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When the defense of qualified immunity is raised, the Court must consider whether Plaintiff's factual allegations demonstrate that Defendant violated a constitutional right and, secondly, whether that constitutional right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). "If no constitutional right would have been violated were the allegations established, there is no

necessity for further inquiries concerning qualified immunity." *Id.* However, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that a court may review these factors in any order, using its discretion to determine which of the factors to review first in light of the circumstances of the case. *Id.* at 236. The Court begins with whether Plaintiff has alleged a constitutional violation.

The Eighth Amendment to the United States Constitution provides that "cruel and unusual punishments" shall not be inflicted. U.S. Const. amend. VIII. Punishments that "involve the unnecessary and wanton infliction of pain" violate this provision. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). Because prisoners "must rely on prison authorities to treat [their] medical needs," *Estelle v. Gamble*, 429 U.S. 97, 103 (1976), the Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Id.* at 104 (quoting *Gregg*, 428 U.S. at 173). The test for deliberate indifference is both objective and subjective: a prisoner must establish that he was deprived of a medical need that is, objectively, "sufficiently serious," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and that the defendant subjectively knew of and disregarded "an excessive risk to [the prisoner's] health or safety." *Id.* at 837.

Defendant argues that Plaintiff's allegations do not satisfy the objective standard of the deliberate indifference test because Plaintiff's dental needs were not sufficiently serious. *Motion* [#24] at 4. In order to satisfy the objective prong of the test for deliberate indifference, a medical need must be sufficiently serious. *Hunt v. Uphoff*, 199 F.3d 1220,

1224 (10th Cir. 1999). A medical need is sufficiently serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980) (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

Here, the Court finds that Plaintiff's dental needs were sufficiently serious because Defendant allegedly "indicate[d] the severity of the situation" to Plaintiff and suggested the need for extraction of teeth. *Am. Compl.* [#6] at 4. These allegations, along with Plaintiff's assertions of pain extending over seven months and the eventual extraction of multiple teeth, lead the Court to find at this early phase of the case that Plaintiff has alleged a sufficiently serious need. *See, e.g.*, *Conley v. McKune*, 529 F. App'x 914, 919-20 (10th Cir. 2013); *Edmisten v. Werholtz*, 287 F. App'x 728, 733 (10th Cir. 2008); *Murray v. Edwards Cnty. Sheriff's Dep't*, 248 F. App'x 993, 1000-01 (10th Cir. 2007).

Defendant next argues that Plaintiff's allegations do not satisfy the subjective standard of the deliberate indifference test because Plaintiff fails to allege that Defendant had a sufficiently culpable state of mind. *Motion* [#24] at 6-7. The Court agrees.

In order to satisfy the subjective prong of the test for deliberate indifference, Plaintiff must allege that Defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety . . . ." *Farmer*, 511 U.S. at 837. A defendant knows of and disregards an excessive risk to a prisoner's health or safety when she is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and she actually draws that inference. *Id.* Importantly, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual

Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Accordingly, a prisoner does not have a valid claim of deliberate indifference simply because he was denied "a particular course of treatment" that he desired. *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006). "[A] prison doctor remains free to exercise his or her independent professional judgment," *id.* (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)), and "[m]edical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview." *Id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996)).

Plaintiff alleges that between June 29, 2012, and January 11, 2013, Plaintiff submitted to Defendant a number of requests for dental appointments. At least once during that period he was late to his appointment and deemed a "no-show," but he was examined by Defendant at least twice during that period. Defendant was thus aware of Plaintiff's dental needs. Accordingly, the Court finds that Plaintiff has stated allegations that plausibly indicate that Defendant knew of the dental issue impacting Plaintiff's health. *Cf. McConnell v. Cirbo*, No. 11-cv-02342-WJM-KLM, 2012 WL 3590762 (D. Colo. Apr. 24, 2012). Plaintiff's allegations also persuade the Court that Plaintiff has met his burden in demonstrating that Defendant *knew of an excessive risk* to Plaintiff's health, considering the allegation that Defendant suggested the need to extract multiple teeth. However, Plaintiff has not sufficiently alleged that Defendant *disregarded* any excessive risk to Plaintiff's health.

Plaintiff concedes that Defendant met with him and suggested that he might need to have multiple teeth extracted. *Am. Compl.* [#6] at 4. Plaintiff, though, asserted that he did not want to lose any more teeth and that he wanted temporary fillings instead. *Id.* Plaintiff's

case therefore "boils down to a contention that he had a right to a particular course of treatment . . . ." *Callahan*, 471 F.3d at 1160. Such an expansive view of the rights protected by the Eighth Amendment has been ubiquitously rejected. *See, e.g.*, *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997); *Dulany*, 132 F.3d at 1240; *Snipes*, 95 F.3d at 591. That Plaintiff felt he was in desperate need of a particular treatment does not change the fact that "a prison doctor remains free to exercise his or her independent professional judgment." *Dulany*, 132 F.3d at 1240. Although Plaintiff *may* be trying to assert that Defendant committed malpractice, "the Eighth Amendment does not redress such a claim." *Callahan*, 471 F.3d at 1160 (citing *Estelle*, 429 U.S. at 107).

Although Plaintiff alleges facts suggesting that his dental need was sufficiently serious, Plaintiff fails to allege facts suggesting that Defendant acted with a sufficiently culpable state of mind. Accordingly, Plaintiff has failed to present "enough allegations of fact 'to state a claim to relief that is plausible on its face,'" and Defendant is entitled to qualified immunity. *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). The Court therefore **recommends** that the Motion [#24] be **granted** in regard to Plaintiff's Eighth Amendment claim and that this claim be **dismissed with prejudice**. *See Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990) (stating that prejudice should attach to a dismissal when the plaintiff has not made allegations "which, upon further investigation and development, could raise substantial issues").

**C. Fourteenth Amendment**

Plaintiff contends that Defendant violated Plaintiff's Fourteenth Amendment rights. *See, e.g.*, *Am. Compl.* [#6] at 5. It is unclear, however, whether Plaintiff intends to assert

a procedural due process claim, a substantive due process claim, or both. Accordingly, the Court addresses in turn each of these potential claims.

**1. Procedural Due Process**

Although unclear, Plaintiff *may* be attempting to assert a Fourteenth Amendment due process claim that Defendant failed to provide him with treatment in accordance with CDOC's Administrative Regulation 700-04(IV)(B)(3). Procedural due process protects the individual against "arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In general, a plaintiff must make two showings in order to proceed on a procedural due process claim. *See Bartell v. Aurora Pub. Sch.*, 263 F.3d 1143, 1149 (10th Cir. 2001). First, a plaintiff must demonstrate that he possessed a protected liberty or property[5] interest. *Id.* Second, a plaintiff must show that the procedures utilized which impacted his protected interest were inadequate under the circumstances. *Id.* at 1149.

Liberty interests "are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state-law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *see Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986) (stating that, for a liberty interest to exist, state law must create it with "language of an unmistakably mandatory character"). While "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at

[5] Plaintiff does not assert, and the Court has found no law endorsing the proposition, that a property interest may be implicated by the withholding of a desired course of medical treatment. *See Wederski v. Bacon*, No. 12-cv-01176-PAB-KLM, 2013 WL 3233604, at *5 n.3 (D. Colo. June 26, 2013).

large," *Shaw v. Murphy*, 532 U.S. 223, 228 (2001), this reality is tempered by the recognition that "[t]here is no iron curtain drawn between the Constitution and the prisons of this country." *Wolff*, 418 U.S. at 555-56.

Plaintiff is correct that he is entitled to medical care while incarcerated. However, it is well-established that "[t]he prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." *Henderson v. Sec'y of Corr.*, 518 F.2d 694, 695 (10th Cir. 1975) (quoting *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968). Plaintiff does not allege that Defendant deprived him of medical care generally; instead, he readily concedes that Defendant met with him multiple times and offered to extract teeth to stop the pain. Accordingly, to the extent that Plaintiff alleges only that he was displeased with the timing of his treatment or that he was not provided with "the type or scope of medical care which he personally desires," *Henderson*, 518 F.2d at 695, Plaintiff has failed to demonstrate that he possessed a protected liberty interest in receiving the medical care he desired.

Plaintiff does not identify a protected liberty interest in receiving the medical care he desired. Accordingly, Plaintiff fails to state a cognizable claim pursuant to his constitutional right to procedural due process.

**2. Substantive Due Process**

The Court notes that Plaintiff's attempt to invoke the protections of the Fourteenth Amendment in addition to those offered by the more specific constitutional guarantee of the Eighth Amendment is inappropriate. Although it may be possible to analyze Plaintiff's claim under the framework of substantive due process, such analysis is disfavored if the claim can be analyzed under "an explicit textual source of constitutional protection." *Graham v.*

*Connor*, 490 U.S. 386, 395 (1989); *see also Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." (citation and internal quotation marks omitted)). Plaintiff's claim for cruel and unusual punishment based on deliberate indifference to medical needs implicates rights protected by a specific constitutional guarantee, the Eighth Amendment, as clearly recognized in his own articulation of the claim. *See, e.g.*, *Am. Compl.* [#6] at 2 (asserting that Defendant failed to provide dental care in violation of the 8th and 14th Amendments). Because Plaintiff's Fourteenth Amendment claim is a mere reiteration, practically and purposively indistinguishable from his Eighth Amendment Claim, the Court will not analyze Plaintiff's Fourteenth Amendment claim under the framework of substantive due process; instead, the Court finds that Plaintiff's Fourteenth Amendment claim should be dismissed for the same reasons set forth in Part III.B. *See, e.g.*, *Am. Compl.* [#6] at 5 (asserting that Defendant violated "the 14th Amendment against Cruel and Unusual Punishment [b]y the malicious deliberate indifference to serious medical care").

Plaintiff fails to allege facts sufficient to state a claim for violation of either procedural or substantive due process under the Fourteenth Amendment. Moreover, Plaintiff's Fourteenth Amendment claim is duplicative of his Eighth Amendment claim. The Court therefore recommends that the Motion be granted in regard to Plaintiff's Fourteenth Amendment claim. Accordingly, the Court **recommends** that Plaintiff's Fourteenth Amendment claim be **dismissed with prejudice**. *See Reynoldson*, 907 F.2d at 127 (stating

that prejudice should attach to a dismissal when plaintiff has failed to make allegations "which, upon further investigation and development, could raise substantial issues").

## IV. Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#24] be **GRANTED** and that Plaintiff's Amended Complaint [#6] be **DISMISSED with prejudice**.

IT IS HEREBY **ORDERED** that, pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 27, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge