IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-01194-RBJ-KLM

COREY BURNHAM,

    Plaintiff,

v.

DR. RABLE, Dentist,

    Defendant.

## ORDER

This matter is before the Court on the March 27, 2014 Recommendation [ECF No. 27] of Magistrate Judge Kristen L. Mix that the Court grant the defendant's motion to dismiss [ECF No. 24]. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. [ECF No. 33 at 20.] The plaintiff filed a timely objection dated April 10, 2014 [ECF No. 28].[1] Upon a de novo review of the objections filed, the Court adopts and affirms the Recommendation of Judge Mix.

**PROCEDURAL POSTURE**

Mr. Burnham filed his original Complaint in this Court on May 6, 2013 [ECF No. 1]. The

---

[1] This motion is titled "Motion for Reconsideration," which the Court liberally construes as an objection to the Recommendation. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

case was assigned to Magistrate Judge Boyd N. Boland [ECF No. 2], who directed Mr. Burnham to amend his complaint since he was no longer incarcerated [ECF No. 5].[2] He did so and filed the Amended Complaint on June 5, 2013 [ECF No. 6]. The case was reassigned to this Judge with a reference to Magistrate Judge Kristen L. Mix on June 18, 2013. [ECF No. 15] On September 16, 2013 the defendant moved to dismiss for failure to state a claim [ECF No. 24]. On March 27, 2014 Judge Mix issued an order recommending that the motion be granted and Mr. Burnham's claim dismissed with prejudice [ECF No. 27]. On April 4, 2014 Mr. Burnham filed an objection to Judge Mix's Recommendation [ECF No. 28].

## BACKGROUND

At the time the actions giving rise to this lawsuit took place Plaintiff Corey Burnham was an inmate at the Colorado Territorial Correctional Facility and Defendant Dr. Rable was a dentist employed at the facility. On June 29, 2012 Mr. Burnham filed a request for dental care for pain from a lost filling. Due to a misunderstanding he was late for his first scheduled appointment on August 27, 2012. Accordingly, he was labeled a "no-show" and ushered out while "begging for help." Amended Complaint [ECF No. 6] at ¶ 5. On September 7, 2012 Mr. Burnham requested another appointment. In response, Dr. Rable examined Mr. Burnham on October 15, 2012 and found a "very large cavity," among other dental problems. *Id.* at ¶ 11. Mr. Burnham requested temporary fillings until he could seek relief in the private sector, but Dr. Rable refused, explaining that fillings would not be cost effective. *Id.* at ¶¶ 14–15. Dr. Rable indicated that the situation was severe and that removing some teeth was an option, but Mr. Burnham did not want to lose any more teeth and so he left without treatment.

---

[2] Mr. Burnham originally submitted a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Judge Boland found that because Mr. Burnham had since been released, he would have to resubmit his pleadings in the proper form and pay the filing and administrative fees associated with filing a case in this Court. [ECF No. 5].

That same day, and again on December 27, 2012 and January 9, 2013, Mr. Burnham requested further dental appointments due to continual pain.[3]  Finally, on January 11, 2013 he declared a "self emergency" in order to be seen.  *Id.* at ¶ 23.  At this point, almost six months since his original request for care and after suffering "enduring pain," Mr. Burnham gave in to having his teeth pulled.  *Id.*  Mr. Burnham later brought this suit under 42 U.S.C. § 1983 alleging that Dr. Rable violated his rights under the Eighth and Fourteenth Amendments of the United States Constitution.

## LEGAL ANALYSIS

Defendant moved to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In reviewing a 12(b)(6) motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and construe them in plaintiff's favor.  However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).  A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Allegations that are purely conclusory need not be assumed to be true.  *Id.* at 681.  However, so long as the plaintiff offers sufficient factual allegations such that the right to relief is raised above the speculative level, he has met the threshold pleading standard.  *See e.g.*, *Twombly*, 550 U.S. at 556; *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

Following the issuance of a magistrate judge's recommendation on a dispositive matter, the district court judge must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  The district judge is permitted to "accept, reject, or modify the recommended disposition; receive further instruction; or return the

---

3 The Amended Complaint does not explain what, if anything, came about from these requests.

matter to the magistrate with instructions." *Id.* "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

The Court liberally construes the filings of a pro se litigant. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the advocate of the pro se litigant, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *E.g.*, *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). Despite our duty to liberally construe Mr. Burnham's pleadings, we cannot incorporate allegations from his original complaint into his amended complaint. An amended complaint supersedes the original complaint and renders the original complaint of no legal effect, even for a pro se litigant unaware of that rule. *See Franklin v. Kan. Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005) (unpublished) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990)).

Mr. Burnham makes two objections to Judge Mix's recommendation. First, he asks the Court to reinstate his original complaint [ECF No. 1], which was effectively dismissed by Judge Boland through the May 9, 2013 Order Directing Plaintiff to Cure Deficiency [ECF No. 5]. As discussed above, the Court is unable to reinstate earlier pleadings, even on behalf of a *pro se* litigant as they are bound by the same procedural rules as all litigants. The Court can imagine the frustration that Mr. Burnham must feel in navigating the legal system, and I applaud his efforts in

going the course alone. However, to reinstate an earlier pleading would inevitably frustrate the work undertaken by the defendant, whose motion to dismiss could only address the Amended Complaint.

Mr. Burnham also objects to Judge Mix's recommendation that his Eighth Amendment claim be dismissed. Mr. Burnham argues that he sufficiently alleged that Dr. Rable disregarded an excessive risk to his health and, in turn, met the subjective prong of the deliberate indifference test. In doing so, Mr. Burnham restates some of the assertions lodged in his Amended Complaint, noting his belief that Magistrate Judge Mix may have mistaken the facts. Unfortunately, the problem here is that Mr. Burnham and Dr. Rable disagreed on the proper course of action for Mr. Burnham's teeth: whether to extract the troublesome teeth or to fill them with temporary fillings. As noted in Judge Mix's Recommendation, a disagreement over treatment is not enough to make out a claim under the Eighth Amendment.

Mr. Burnham's case is, however, closer than it seems. Several courts, including a panel of the Tenth Circuit, have held that extraction-only policies may be constitutionally deficient. *See, e.g.*, *Stack v. McCotter*, 79 F. App'x 383, 390 (10th Cir. 2003) (unpublished); *Heitman v. Gabriel*, 524 F. Supp. 622, 627 (W.D. Mo. 1981); *Sutherland v. St. Lawrence*, No. CV 407-096, 2009 WL 2900270 (S.D. Ga. 2009). Nevertheless, Mr. Burnham has made no allegation that Dr. Rable's suggested treatment was part of a prison-wide extraction-only policy, as in the cited cases, just that it was the course of treatment decided upon in this particular instance.[4]

The Court agrees with Judge Mix's recommendation and finds that Mr. Burnham has not made out a plausible claim alleging a constitutional violation under the Eighth Amendment. This is not, as he fears, a decision based on procedural technicalities. Dr. Rable's actions (as described

---

4 The Court recognizes that Mr. Burnham alleges that he was only offered extractions as a cost-saving tool. Amended Complaint [ECF No. 6] at ¶ 15. However, being a cost-effective treatment does not in and of itself reach the level of alleging an extraction-only policy or deliberate indifference.

by Mr. Burnham, the truth of whose allegations I accept for this purpose) are simply not enough to make out a viable claim of deliberate indifference under the Eighth Amendment.

Finally, Mr. Burnham did not object to Judge Mix's recommendation that his Fourteenth Amendment Due Process claim be dismissed.   The Court has reviewed all of the relevant filings concerning this claim and concludes that Judge Mix's recommendation to dismiss this cause of action is correct and that "there is no clear error on the face of the record."   Fed. R. Civ. P. 72 advisory committee's note.

## ORDER

For the foregoing reasons, it is ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 27] is ACCEPTED and ADOPTED.   It is further ORDERED that Defendant's Motion to Dismiss [ECF No. 24] is GRANTED and that Plaintiff's Amended Complaint [ECF No. 6] is DISMISSED WITH PREJUDICE.

DATED this 26th day of June, 2014.

BY THE COURT:

R. Brooke Jackson
United States District Judge